## BIRD *v.* McCALOP.

Where an endorser does not reside in the town in which the note is payable, but receives his letters and papers from the post office at that place, a notice of protest put into the post office there, addressed to him at his domicil, though not intended to be forwarded by mail, will be sufficient.

APPEAL from the District Court of West Baton Rouge, *Burk,* J. The facts of this case are stated in the opinion of *Slidell,* J., *infrd.*

*Brunot,* for the plaintiff, cited *Bank of Louisiana* v. *Watson,* 15 La. 38. Stat. of 1827, 1 Moreau's Dig. 96. *Bank of Columbia* v. *Lawrence,* 1 Peters 578.

*Loucks,* for the appellant. The notice to the endorser was insufficient. The end and aim of post office establishments is the transmission of letters and papers from one section of the country to another. The law uses the post office solely as a means of conveyance, and has never adopted it as a depository of papers where persons may, or may not call for them, as they please. *Vide* Story on Promissory Notes, p. 375 (*in notis*), *Laporte* v. *Landry,* 5 Mart. N. S. 360. *Ireland* v. *Kipp,* 10 John. R. 490. S. C. 11 John. R. 231. *Louisiana State Bank* v. *Rowel,* 18 Mart. 506. The Supreme Court, in the case of *Laporte* v. *Landry,* 5 Mart. N. S. 360, say, that " where notice cannot be conveyed by mail, it is idle to put it into a post office, which is not a legal place of deposit for notices." And Thompson (on Bills, ch. 6, §4, p. 475—477, 2d. edit.) says : " If it is necessary to send notices by a special message, as where the party receiving it lives out of the course of the regular post, the expenses of such notice will be allowed, &c."

*G, S. Lacey,* on the same side. Whenever the endorser lives in the same place where the demand is made, the notice to the drawer or endorser of a note, must be served personally. Notes to Story on Promissory Notes, §374.

The same rule governs, where the party resides a few miles from town, and there is no post office nearer than the one in which the notice is deposited. In this case, notice must be served personally, or left at the place of doing business. *Ireland* v. *Kipp,* 10 J. R. 490. Chitty on Bills, 9 American Edition, §475, b. and cases there cited. Story on Promissory Notes, § 374. 5 Mart. N. S. p. 359.

The statute of 1827 does not alter the law merchant, in relation to the manner of giving notice of protest; but simply introduces a new mode of proof of service of notice. 8 La. 171. 15 La. 54. 6 Rob. 500. 11 Rob. 467-8. *Carmena* v. *Doherty,* 7 Rob. 87.

The judgment of the court was pronounced by

SLIDELL, J. The defendant is sued as endorser of a promissory note, and the case turns solely on the question of notice. The note was dated and payable at Baton Rouge. The notice for the defendant was deposited by the notary, on the day of protest, in the post office at Baton Rouge, addressed to the defendant, at West Baton Rouge. It is proved that the defendant resides in the parish of West Baton Rouge. A witness who has been in the defendant's employ nine years, as his overseer and in other capacities, says that " the Baton Rouge post office is the one at which the defendant is in the habit of receiving his letters ; that he has a box there ; that when letters are directed to *McCalop,* West Baton Rouge, they are received from the office in Baton Rouge ; that this has always been the custom, but does not know whether or not it is an arrangement."

We consider this proof of notice as sufficient. We have already considered this subject in the case of *Hepburn* v. *Ratliff,* ante p. 331, and have there referred to the opinions of the Supreme Court of the United States in the cases of the

<div style="margin-left: left">BIRD<br>
v.<br>
McCALOP.</div>

*Bank of Columbia*, 1 Peters, 582, and of the *Bank of the United States*, 2 Peters, 551. In the former case, 1 Peters, 582, the same points were presented by counsel as are now urged, and some of the same authorities cited. It was then, as now, urged by counsel, that post offices are places from which letters are to be forwarded, and not places at which letters are to be left, when not intended to be conveyed from them; and it was also urged that the expense of sending a special messenger could be recovered of the party to whom he is sent. That case was elaborately considered, and the rule then settled seems to us a reasonable one, and founded in considerations of general convenience and the interests of commerce.                    *Judgment affirmed.*